FILED

JAN -3 2020

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KURT R. MADSEN, )
 )
       Plaintiff, )
 ) Civil Action No.: 1:19-cv-03330 (UNA)
v. )
 )
UNITED STATES OF AMERICA, )
 )
       Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), by which the court is required to dismiss a case if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff is a prisoner currently designated to the Central Detention Facility, located in the District of Columbia. He sues the United States for various constitutional and statutory violations. Although the complaint is difficult to follow, it seems to challenge criminal proceedings brought in state courts in Washington and Virginia, and in the Superior Court of the District of Columbia. He seeks monetary damages. Plaintiff fails to provide any colorable factual bases for his claims. The complaint is rambling, and the allegations are indeterminate, including postulations that [sic] "the District of Columbia is not a government. It is not a sovereign. It is a corrupt organization.

1

The United States governments contain only 3 three sovereign[]s." He also alleges that "the El Salvadorians control the construction sites," and that "the traitors and invad[e]rs control the legislative, executive, and judicial power."

A federal district court lacks jurisdiction to review the decisions of a state court, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)), and cannot grant relief against the United States without a waiver of sovereign immunity, *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Such a waiver, moreover, must be clear and unequivocal. *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Finally, a court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

The instant complaint fails for all of these reasons. The court will, accordingly, dismiss the action. A separate order accompanies this memorandum opinion.

Date: Dec. 30, 2019

United States District Judge